■ Great Neck Plaza, L.P., Respondent, v Le Peep International, Inc., et al., Appellants, et al., Defendant. [686 NYS2d 722] —In an action to recover damages for breach of a lease, the defendants Le Peep International, Inc., and Le Peep Grills, Inc., appeal from an order of the Supreme Court, Nassau County (Roberto, J.), dated January 30, 1998, which granted the plaintiff's motion for summary judgment against them.

Ordered that the order is affirmed, with costs.

On October 30, 1985, the appellants leased premises in a mall owned by the plaintiff. The appellants stopped paying rent in February 1991 and vacated the premises in April 1991. The plaintiff commenced this action seeking, among other things, to recover the rent for the balance of the term pursuant to the lease. The appellants interposed an affirmative defense stating that they were constructively evicted and thus not liable for the unpaid rent. The plaintiff subsequently moved for summary judgment against the appellants and the Supreme Court granted the motion.

Upon the plaintiff's prima facie showing of entitlement to

judgment as a matter of law, it was incumbent upon the appellants to offer admissible evidence sufficient to raise a triable issue of fact (*see,* CPLR 3212 [b]; *Sonaike v Sogade,* 253 AD2d 871; *Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315; *see also, Zuckerman v City of New York,* 49 NY2d 557). The appellants failed to do so. The appellants' conclusory allegations in opposition to the motion, unsubstantiated by any evidentiary facts, were insufficient to raise a triable issue of fact (*see, Zuckerman v City of New York,* 49 NY2d 557, *supra*). Mangano, P. J., Bracken, Krausman and Goldstein, JJ., concur.